Filed 11/20/15  Amber L. v. Superior Court CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| AMBER L.,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>Respondent;<br><br>_____<br><br>SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY et al.,<br><br>Real Parties in Interest. | D068782<br><br><br>(San Diego County<br>Super. Ct. No. EJ3765A-D) |

PROCEEDINGS in mandate after referral to a Welfare and Institutions Code section 366.26 hearing.  Gary M. Bubis, Judge.  Petition granted; request for stay denied.

Dependency Legal Group of San Diego and John P. McCurley for Petitioner.

No appearance by Respondent.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Lisa Maldonado, Deputy County Counsel, for Real Party in Interest San Diego County Health and Human Services Agency.

Dependency Legal Group of San Diego and Caitlin Zaback for Real Parties in Interest E.L., J.L., B.L. and A.L., Minors.

Amber L. seeks review of a juvenile court order setting a hearing under Welfare and Institutions Code section 366.26.[1]  She contends the San Diego County Health and Human Services Agency (Agency) and the juvenile court did not conduct a sufficient inquiry and provide notice in compliance with the Indian Child Welfare Act (ICWA), title 25 U.S.C. section 1901 et seq. and Welfare and Institutions Code section 224 et seq. Amber asks that this court conditionally reverse the order setting the hearings under section 366.26 with directions to conduct the necessary inquiry and provide notice to the appropriate tribes.  The Agency concedes error.  After review, we accept the Agency's concession and therefore grant the petition.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2014, the Agency filed petitions alleging that Amber had physically abused one of her four children, and the other three children were at substantial risk of physical abuse.  (§ 300, subs. (a), (j).)  In its detention report, the Agency said ICWA does or may apply, and explained "[t]he maternal grandmother . . . reports that her grandfather had some Cherokee Indian [h]eritage.  [She] states that her grandfather was

---

1      All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

not registered as a tribal member and did not participate in tribal activities." In Indian child inquiry attachments to the petitions, the Agency reported "[the maternal grandmother] states that her grandfather had Cherokee Indian [h]eritage."

At the detention hearing, Amber and the children's father informed the juvenile court that neither parent had any American Indian heritage. On their parentage inquiries, the parents represented that as far as they knew, they had no Indian ancestry. The juvenile court found that ICWA did not apply.

In reports filed for subsequent hearings, the Agency stated: "On 01/21/2014, the court found the [ICWA] does not apply." The report filed for the 18-month review hearing states: "The [ICWA] does not apply." The juvenile court did not address ICWA issues, or make any ICWA findings, at any hearing after the detention hearing. At the 18-month review hearing, the juvenile court terminated reunification services and set section 366.26 hearings for the children on December 15, 2015.

## DISCUSSION

The court and social worker have an affirmative and continuing duty in all dependency proceedings to inquire whether a dependent child is, or may be, an Indian child. (§ 224.3, subd. (a).) The circumstances that may provide reason to know the child is an Indian child include when a member of the child's extended family provides information suggesting the child is a member of a tribe or eligible for membership in a tribe, or one or more of the child's biological parents, grandparents, or great-grandparents are or were a member of the tribe. (*Id.*, subd. (b).) A social worker who knows or has reason to know that the child is an Indian child is required to make further inquiry

3

regarding the possible Indian status of the child, and to do so as soon as practicable, by interviewing the parents, Indian custodian, and extended family members, to gather the information required for notice.  (*Id.*, subd. (c); *In re A.G.* (2012) 204 Cal.App.4th 1390, 1396-1397.)

The Agency concedes, and the record shows, that the social worker did not make further inquiry regarding the possible Indian status of the children.  The Agency states that a limited remand is necessary to effect and document proper inquiry under ICWA. (*In re J.N.* (2006) 138 Cal.App.4th 450, 461-462.)  We therefore grant the relief requested.

## DISPOSITION

The order setting the section 366.26 hearings is conditionally reversed.  The matter is remanded to the juvenile court with directions to vacate its finding that ICWA does not apply and direct the Agency inquire into the family's alleged Indian heritage and provide notice to the children's Indian tribe or tribes, if any, in accordance with ICWA and section 224.3.  If the inquiry produces evidence that the children are or may be Indian children, then the juvenile court should direct the Agency to give notice of the underlying proceedings and any upcoming hearings in compliance with ICWA and applicable state law to any identified tribes.  (25 U.S.C. § 1912.)  If, after proper inquiry (and notice, if

indicated), the juvenile court finds that the children are not Indian children within the meaning of ICWA, the order setting the section 366.26 hearings shall be reinstated.

HUFFMAN, Acting P. J.

WE CONCUR:

NARES, J.

HALLER, J.

5